IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Karry Matthew Gilliard, #248415, | ) | C/A No.: 1:14-2749-TMC-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden Taylor, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Karry Matthew Gilliard ("Petitioner") is an inmate at the Ridgeland Correctional Institution of the South Carolina Department of Corrections ("SCDC") who filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.) for a Report and Recommendation on Respondent's motion to dismiss. [ECF No. 17]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion by January 8, 2015. [ECF No. 18]. Petitioner filed a response on December 22, 2014. [ECF No. 21]. The matter having been fully briefed, it is ripe for disposition. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's motion to dismiss be granted.

I.      Factual and Procedural Background

Petitioner was indicted for murder, burglary, and attempted murder. [ECF No. 1-2 at 2]. He was tried in March 1998 in the Charleston County Court of General Sessions

and on March 18, 1998, the jury found Petitioner guilty of murder, first degree burglary, and assault of a high and aggravated nature ("AHAN"). [ECF Nos. 1 at 1; 1-2 at 2–3]. Petitioner was sentenced on March 19, 1998, to be

> confined [on the murder conviction] for a mandatory term of 30 years, not less than 30 years. As to the high and aggravated nature assault sentence is - - or 97-603, that you be confined to the State Department of Corrections for a term of ten years, that will be consecutive to the sentence just imposed for murder, so that's a total of 40 years to which you've been sentenced. As to the burglary in the first degree the sentence is 30 years, it's concurrent with the sentences imposed on 97-601 and 60 - - excuse me, I am sorry, let's see. The sentence is 40 years concurrent with 97-601 and 603.

[ECF Nos. 1 at 1; 1-2 at 1]. Petitioner appealed his convictions and sentences to the South Carolina Supreme Court, and on appeal, Petitioner was represented by Robert M. Dudek, Esq., Assistant Appellate Defender, with the South Carolina Office of Appellate Defense. [ECF No. 1-2 at 2]. On September 25, 2000, the South Carolina Supreme Court filed an order reversing Petitioner's AHAN conviction. *Id.* at 2–3.[1] Petitioner filed this petition for writ of habeas corpus on July 3, 2014. [ECF No. 1].[2]

II.     Discussion

    A.     Federal Habeas Issues

Petitioner now asserts he is entitled to a writ of habeas corpus on the following

---

[1] In the September 25, 2000, order the court stated that Petitioner was sentenced to "thirty years in prison for murder, thirty years, concurrent, for first degree burglary, and ten years, consecutive, for AHAN." [ECF No. 1-2 at 3].

[2] The petition was received by the court on July 7, 2014, and docketed on July 8, 2014. [ECF Nos. 1; 1-3]. However, because Petitioner is incarcerated, he benefits from the "prison mailbox rule." *Houston v. Lack*, 487 U.S. 266 (1988). The envelope containing the petition was deposited in the prison mailing system on July 3, 2014. [ECF No. 1-3 at 1].

2

claims:

**Ground One:**   State of South Carolina must vacate Petitioner's 40 year sentence since Supreme Court vacated 10 year assault of high & aggravated nature offense in Sept. of 2000.

<u>Supporting Facts</u>: The petitioner was sentenced on March 19, 2000, for Burglary First and Murder to Include: [Assault of a High and Aggravated Nature]. The sentence for both Murder and Burglary were 30 (thirty) years to be run concurrently. The 10 yrs for AHAN was Reversed.

**Ground Two:**   The State of South Carolina has violated the law by making Petitioner Gilliard serve 40 years on a 30 year sentence.

<u>Supporting Facts</u>: See Attached Sheets.

**Ground Three:**   The trial court lacked jurisdiction to maintain a 40 year sentence after 10 year for AHAN was reversed.

<u>Supporting Facts</u>: See attachments, please.

**Ground Four:**   Petitioner, Gilliard was sentenced to two (2) concurrent 30 yr sentences for Burglary First and Murder.

<u>Supporting Facts</u>: Please see attachments.

[ECF No. 1 at 5–10] (errors in original).

    B.    Standard on Motion to Dismiss

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Indeed, "[t]he presence of a few conclusory legal

3

terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion." *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

   C. Habeas Corpus Standard of Review

     1. Generally

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision

that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410. Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

        2.     Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254.  This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.*  The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

          a.    Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b)   (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—
>
>     (A)    the applicant has exhausted the remedies available in the courts of the State; or
>
>     (B)    (i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c)   An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). The United States Supreme Court has held that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"—which includes "petitions for discretionary

6

review when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). This opportunity must be given by fairly presenting to the state court "both the operative facts and the controlling legal principles" associated with each claim. *Baker v. Corcoran,* 220 F.3d 276, 289 (4th Cir. 2000) (citing *Matthews v. Evatt,* 105 F.3d 907, 911 (4th Cir. 1997) (internal quotation marks omitted)). That is to say, the ground must "be presented face-up and squarely." *Mallory v. Smith*, 27 F.3d 991, 995 (4th Cir. 1994) (citation and internal quotation marks omitted).

The South Carolina Supreme Court has held that the presentation of claims to the state court of appeals without more is sufficient to exhaust state remedies for federal habeas corpus review. *State v. McKennedy,* 559 S.E.2d 850 (S.C. 2002); *see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases,* 471 S.E.2d 454 (S.C. 1990). The *McKennedy* court held that *In re Exhaustion* had placed discretionary review by the South Carolina Supreme Court "outside of South Carolina's ordinary appellate review procedure pursuant to *O'Sullivan*." 559 S.E.2d at 854. As such, it is an "extraordinary" remedy under *O'Sullivan*, "technically available to the litigant but not required to be exhausted," *Adams v. Holland*, 330 F.3d 398, 403 (6th Cir. 2003).

Because the South Carolina Supreme Court has held that presentation of certain claims to the South Carolina Court of Appeals without more is sufficient to exhaust state remedies, a claim is not procedurally barred from review in this court for failure to pursue review in the South Carolina Supreme Court after an adverse decision in the South Carolina Court of Appeals.

      b.      Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. As the Supreme Court explains:

> . . . [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10–11 (1984).

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule[,]" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith v. Murray*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required

showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986), *superseded by statute on other grounds* (AEDPA).

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *See Matthews v. Evatt*, 105 F.3d at 915 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

        3.     Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the state courts in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor that hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.* Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995).

However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

  D.  Analysis

Respondent moves to dismiss the instant petition based on Petitioner's failure to exhaust available state remedies. [ECF No. 17-1]. A state prisoner may seek habeas relief either through 28 U.S.C. § 2241 or § 2254. Both avenues of habeas relief for state-court prisoners include exhaustion requirements. Although the exhaustion provisions codified under § 2254 are not contained in § 2241, the exhaustion requirement "applies to all habeas corpus actions." *Fain v. Duff*, 488 F.2d 218, 223 (5th Cir. 1973); *see Braden v. 30th Judicial Court of Kentucky*, 410 U.S. 484, 490 (1973) (applying exhaustion requirement in 28 U.S.C. § 2241 habeas corpus proceeding). This doctrine, based on principles of comity, requires that, before a federal court will review allegations of constitutional violations by a state prisoner, those allegations must first be presented to the state's highest court for consideration. *See Pickard v. Connor*, 404 U.S. 270, 276 (1976).

South Carolina law provides, as to certain prison administrative decisions that affect an inmate's sentence, that an inmate may seek review of an SCDC decision from the South Carolina Administrative Law Court ("SCALC"). *See Al-Shabazz v. State,* 527 S.E.2d 742, 750 (S.C. 2000); *see also Slezak v. S.C. Dep't of Corr.,* 605 S.E.2d 506, 507 (S.C. 2004). These administrative decisions include inmate discipline and punishment, the calculation of an inmate's sentence or sentence-related credits, or an inmate's custody

status. *Sullivan v. S.C. Dep't of Corr.,* 586 S.E.2d 124, 126 (S.C. 2003); *Al-Shabazz,* 527 S.E.2d at 750. Under *Al-Shabazz,* a petitioner is required to initiate a grievance with SCDC, obtain a final decision, seek review by the SCALC, and then seek judicial review by the South Carolina Court of Appeals before seeking federal habeas review. *Al-Shabazz,* 527 S.E.2d at 752–57 (discussing the application of the Administrative Procedures Act and the review process); Rule 203(b)(6), SCACR; *see also* S.C. Code Ann. § 1-23-610(A)(1).[3]

Petitioner has not properly presented his claim regarding errors in the calculation of his sentence to the South Carolina appellate courts and has therefore failed to properly exhaust his state remedies. A state prisoner is generally barred from obtaining federal habeas relief unless he has properly presented his or her claims through one complete round of the State's established appellate review process. *Woodford v. Ngo*, 548 U.S. 81 (2006).

In response to the court's special interrogatories addressing Petitioner's exhaustion of his state court remedies, Petitioner indicated that he filed Step One and Step Two grievances with SCDC. [ECF Nos. 8 at 1; 8-1 at 2; 8-2 at 6]. Petitioner alleged that these grievances were denied, and claimed that he then sought review by the SCALC. [*See* ECF No. 8-1 at 2; 8-2 at 1–2]. In response to Respondent's argument that there has not been a state adjudication on Petitioner's claims, Petitioner failed to produce any

---

[3] This procedure, which applies to most credit-related and sentence-calculation issues, is in contrast to other habeas corpus issues that challenge the validity of the conviction itself and generally commence in circuit court pursuant to the post-conviction relief statutes with appeal pursuant to the corresponding appellate court rules. *See generally* S.C. Code Ann. §§ 17-27-10, et seq.*;* Rule 243, SCACR.

additional evidence that he received a final decision from the SCALC or that he sought further judicial review by the South Carolina Court of Appeals. Accordingly, Petitioner fails to demonstrate that he has exhausted his claims in the state courts, and his claims are procedurally-barred from review absent a showing of cause and prejudice or a miscarriage of justice.

As to the procedural default, Petitioner has not shown cause and prejudice to excuse the default. In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Petitioner has failed to meet this burden. Thus, his petition is procedurally barred from consideration by this court and should be dismissed. *Murray*, 477 U.S. at 495–96; *see* 28 U.S.C. 2254; *Rodriguez v. Young*, 906 F.2d 1153, 1159 (7th Cir. 1990) ("Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."); *Wainwright v. Sykes,* 433 U.S. 72 (1977); *Sawyer v. Whitley*, 505 U.S. 333, 348 (1992); *Bolender v. Singletary*, 898 F. Supp. 876, 881 (S.D. Fla. 1995).

In the alternative, Petitioner must show a miscarriage of justice. To demonstrate a miscarriage of justice, Petitioner must show he is actually innocent. Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Petitioner cannot establish that the errors he complains of probably resulted in the conviction of an innocent person. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). To

12

pass through the actual-innocence gateway, a petitioner's case must be "truly extraordinary." *Id.* The court's review of the record does not support a showing of actual innocence.

IV.     Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court grant Respondent's motion to dismiss. [ECF No. 17].

IT IS SO RECOMMENDED.

June 12, 2015                                              Shiva V. Hodges
Columbia, South Carolina                          United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).